UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GERALD BERNARD WARD, Petitioner | CIVIL DOCKET NO. 5:20-CV-442-P |
| VERSUS | JUDGE FOOTE |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus filed by *pro se* Petitioner Gerald Bernard Ward ("Ward") (#372912) under 28 U.S.C. § 2254 (ECF No. 1). Ward is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. Ward challenges his conviction and sentence imposed in the 26th Judicial District Court, Bossier Parish.

Because Ward's Petition is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Ward was convicted of distribution of cocaine in violation of La. R.S. 40:967A(1). He was sentenced to 25 years at hard labor, the first two years without benefit of probation, parole, or suspension of sentence. *State v. Ward*, 50,872 (La. App. 2 Cir. 11/16/16); 209 So.3d 228.

Ward appealed, arguing that there was insufficient evidence to convict him and that his sentence was excessive. His conviction and sentence were affirmed. *Id.*

The Louisiana Supreme Court denied writs. *State v. Ward*, 2017-0164 (La. 9/22/17); 227 So.3d 827.

In the Petition, Ward alleges that he filed an application for post-conviction relief on an unspecified date, and has a writ application pending in the Louisiana Second Circuit Court of Appeal.  ECF No. 1 at 9.

Ward's original Petition (ECF No. 1) only presents the claims raised on direct appeal.  Ward was ordered twice to amend his Petition to state what claims are pending on post-conviction review and whether he intends to pursue those claims in his habeas Petition.  Ward was also ordered to provide: (1) the date on which his application for post-conviction relief was filed in the trial court and what claims he raised in the post-conviction application; (2) a dated copy of the application for post-conviction relief; (3) a dated copy of the trial court's ruling denying the post-conviction application; (4) a copy of the writ application filed in the Louisiana Second Circuit Court of Appeal; and (5) a copy of the ruling from the Court of Appeal, if one has been issued.  ECF Nos. 8, 11.  Ward failed to provide any of the responsive information in his first or second responses.  ECF Nos. 10, 12.

In the second "Response" (ECF No. 12) to the Court's second order to amend, Ward states that he has nothing pending in the Louisiana Second Circuit Court of Appeal.  He also clarifies that the only claim he wants to pursue in his habeas Petition is the excessive sentence claim.[1]  *Id.*

---

[1] The Court has cautioned Ward twice that if he proceeds with only the claims raised on direct appeal, he may be precluded from bringing the other claims at a later date.  *See* 28 U.S.C.

2

II. Law and Analysis

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period sua sponte. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Ward's conviction became final for AEDPA purposes 90 days after the Louisiana Supreme Court's decision of September 22, 2017, when the time for seeking review in the United State Supreme Court expired. Thus, the one-year limitations

---

§2244(b)(3)(A) (petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive petition). ECF Nos. 8, 11.

period commenced on December 22, 2017. Ward did not file his habeas petition in this Court until April 8, 2020, well after the expiration of the one-year period.

Ward alleges that he filed an application for post-conviction relief on an unspecified date and sought review in the Louisiana Second Circuit Court of Appeals. ECF No. 1 at 9. Ward failed to provide copies of those documents or the dates on which they were filed despite two Orders directing him to do so. ECF Nos. 8, 11. Nonetheless, according to the presumptively-reliable published jurisprudence, Ward filed writ two applications for supervisory and/or remedial writs in the Louisiana Supreme Court on unspecified dates. The applications were not considered because Ward had "not demonstrated that he sought review in the court(s) below before filing in this Court nor shown the 'extraordinary circumstances' that would justify bypassing that level of review." *State v. Ward*, 2019-01532 (La. 11/19/19); 282 So.3d 1062, 1063 (citing La. S. Ct. R. X § 5(b)); *State v. Ward*, 2019-0084 (La. 2/18/19); 265 So.3d 774 (citing La. S. Ct. R. X § 5(b)).

In order for an application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must have complied with all of the state's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). Because Ward did not follow the state's procedural requirements, his writ

applications were not "properly filed," and Ward is not entitled to tolling while those writ applications were pending.

Therefore, even if Ward timely filed an application for post-conviction relief and was entitled to tolling from the finality of his conviction in 2017 through the pendency of the post-conviction application, Ward's tolling ceased at some point prior to February 18, 2019, when the Louisiana Supreme Court determined his first writ application was improperly filed. More than one year passed from that date before Ward filed this habeas Petition. ECF No. 1. Thus, even with the maximum possible benefit of statutory tolling, Ward's Petition is untimely.

Although the AEDPA's statute of limitations is subject to equitable tolling, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Ward does not claim entitlement to equitable tolling, and nothing in the Petition (ECF No. 1) or his

5

responses to the amend orders (ECF Nos. 10, 12) indicates that equitable tolling is applicable in this case.

### III. Conclusion

Because Ward's § 2254 Petition is untimely, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 29th day of July 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE